UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CONRAD WALKER,

                Plaintiff,

      - against -

ANTHONY L. PITNELL, ESQ; GROSS
POLOWY, LLC; HSBC BANK USA,
NATIONAL ASSOCIATION, as Trustee for
SG Mortgage Securities Trust 2006-FRE1; and
ELPINIKI M. BECHAKAS, ESQ,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-4344 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Conrad Walker commenced this *pro se*, fee-paid action against Defendants Anthony L. Pitnell, Esq.; Gross Polowy, LLC; HSBC Bank USA, National Association; and Elpiniki Bechakas, Esq. (collectively, "Defendants"), alleging violations of the Federal Debt Collection Practices Act (the "FDCPA"), New York Judiciary Law § 487, and New York Penal Law § 115.05 in connection with Defendants' efforts to collect on a promissory note and mortgage. Defendants have each moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motions to dismiss are granted in their entireties, and Plaintiff's claims are dismissed.

## BACKGROUND

**I.    Relevant Facts**[1]

Plaintiff purchased the subject property (the "Property") in January 2005 and, in December 2005, he refinanced and took out "a new first mortgage" payable to Fremont Investment & Loan.

---

[1] The Court assumes the truth of the Complaint's non-conclusory factual allegations. *See Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (*en banc*).

1

(Complaint ("Compl."), Dkt. 1, ¶¶ 10–11, 72.) Plaintiff later defaulted on his mortgage, and, on April 14, 2008, non-party Steven J. Baum, P.C. (the "Baum firm") initiated a foreclosure action on behalf of Defendant HSBC Bank USA, National Association ("HSBC"), in Queens County Supreme Court under Index No. 9362/2008 (the "State Court Action"). (*Id.* ¶ 12.) Plaintiff alleges that Defendant HSBC did not own the mortgage at the time the Baum firm initiated the State Court Action, and that Baum firm attorney Defendant Elpiniki Bechakas, Esq., who also "purport[ed] to be" assistant secretary and vice president of Mortgage Electronic Registration Systems, Inc. ("MERS"),[2] prepared a backdated assignment of the mortgage to Defendant HSBC. (*Id.* ¶¶ 14, 74.)[3]

On December 27, 2011, Defendant law firm Gross Polowy, LLC ("Polowy") replaced the Baum firm as Defendant HSBC's counsel in the State Court Action. (*Id.* ¶¶ 12, 60.) On June 6, 2014, Polowy filed a motion for order of reference and summary judgment, which the state court granted on August 10, 2016. (*Id.* ¶ 61.) On April 10, 2017, Polowy filed a motion for judgment of foreclosure and sale of the Property, which the state court granted on March 9, 2018. (*Id.* ¶ 62; *see also* Dkt. 21, at ECF[4] 291–300 (Judgment of Foreclosure and Sale entered on March 14,

---

[2] Plaintiff submits as allegations information from news coverage about a settlement agreement between the Baum firm and the U.S. Attorney's Office in the Southern District of New York that barred Baum firm attorneys who were acting as agents of MERS from facilitating mortgage assignments. (*See id.* ¶¶ 57–59.) Plaintiff also submits excerpts of a deposition taken in an unrelated state court case that address this issue. (*See id.* ¶¶ 19–54; Compl. Ex. H, Dkt. 1, at ECF 78–104.) Plaintiff further alleges that the Baum firm disbanded after a separate settlement with the New York State Attorney General's Office in March 2012. (Compl., Dkt. 1, ¶ 59.)

[3] Specifically, Plaintiff alleges that the mortgage assignment was backdated to April 7, 2008, prepared on April 12, 2008, and actually executed by Defendant Bechakas sometime between April 12 and April 21, 2008. (Compl., Dkt. 1, ¶ 14.)

[4] Citations to ECF refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2018).) In October 2018, Plaintiff moved to vacate the order of reference, summary judgment, and judgment of foreclosure and sale on the grounds of alleged fraud on the court. (Compl., Dkt. 1, ¶ 63; *see also* Dkt. 21, at ECF 316–30 (Plaintiff's motion dated October 17, 2018).) On November 15, 2018, Defendant Anthony Pitnell, Esq. ("Pitnell"), a lawyer employed by Polowy, filed an affirmation in opposition to Plaintiff's motion. (Compl., Dkt. 1, ¶ 63; *see also* Dkt. 21, at ECF 396–403.)[5] Plaintiff's motion was denied in its entirety on March 22, 2019. (*See* Dkt. 21, at ECF 77–79.) Plaintiff appealed that order to the Appellate Division, Second Judicial Department, and moved for a stay of the foreclosure action pending resolution of his appeal. (*See id.* at ECF 3–6.) The appellate court denied Plaintiff's stay motion on September 13, 2019. (*Id.* at ECF 2.)

## II.     Procedural History

Plaintiff filed the instant action on July 26, 2019. (Compl., Dkt. 1.) In addition to damages, Plaintiff seeks an order annulling the mortgage assignment and an injunction to stay the foreclosure proceedings on the Property. (*Id.* at ECF 20.) On August 15, 2019, Defendants Polowy and Pitnell requested a pre-motion conference on their anticipated motion to dismiss Plaintiff's Complaint. (Dkt. 5.) On August 28, 2019, Defendant Bechakas requested a pre-motion conference on her anticipated motion to dismiss Plaintiff's Complaint. (Dkt. 8.) On September 6, 2019, Defendant HSBC requested a pre-motion conference on its anticipated motion to dismiss Plaintiff's

---

[5] Plaintiff's reply was filed on November 26, 2018. (Dkt. 21, at ECF 471–89.)

Complaint. (Dkt. 14.) Defendants' motions to dismiss were fully briefed on January 29, 2020 (Dkt. 29 (Polowy and Pitnell)[6]), and January 31, 2020 (Dkts. 30 (HSBC), 31 (Bechakas)).[7]

On September 3, 2019, Plaintiff filed an Order to Show Cause ("OSC") in this Court for a Preliminary Injunction and Temporary Restraining Order ("PI/TRO") compelling the Queens County Clerk to annul the assignment of the mortgage and to prohibit Defendants from conducting a public auction of the Property pending determination of the instant action. (Dkt. 10.) At a hearing on September 24, 2019, the Court denied Plaintiff's OSC and reiterated the briefing schedule for Defendants' motions to dismiss. (*See* Sept. 24, 2019 Minute Entry.) On October 21, 2019, Plaintiff filed an interlocutory appeal as to the Court's September 24, 2019 oral order. (Dkt. 22.) The Court declined to stay this matter pending Plaintiff's interlocutory appeal. (*See* Oct. 22, 2019 Order.)

## STANDARD OF REVIEW

### I.     Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

---

[6] Polowy and Pitnell first filed their motion to dismiss on October 24, 2019 (Dkt. 23), but Plaintiff claimed not to have received copies of their motion papers (Dkt. 26). The Court thereafter *sua sponte* extended the time for Plaintiff to file his opposition and for Defendants to reply. (*See* Dec. 23, 2019 Order.)

[7] Plaintiff submitted an identical opposition letter to each of Defendants' letter-motions. (*See* Dkts. 28, 29-1, 30-1, 31-1.) The Court cites to the letter first filed on ECF. (Dkt. 28.)

4

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id.* (quoting *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013) (citation omitted). A complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In addressing the sufficiency of a complaint, courts must "accept as true the factual allegations of the complaint, and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Arar*, 585 F.3d at 567. Nevertheless, a court "need not credit conclusory statements unsupported by assertions of facts or legal conclusions . . . presented as factual allegations." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). At the pleadings stage, the Court must limit its inquiry to the facts alleged in the complaint, the documents attached to the complaint or incorporated therein by reference, and "documents that, while not explicitly incorporated into the complaint, are 'integral' to plaintiff's claims and were relied upon in drafting the complaint." *Id.* (citing *Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44 (2d Cir. 1991)).

II. *Pro Se* Pleadings

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted).

5

Accordingly, courts in this Circuit read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotations and citations omitted).

## DISCUSSION

### I. Defendants' Motions to Dismiss Plaintiff's FDCPA Claims

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *DeSantis v. Comput. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001); *see also* 15 U.S.C. § 1692(e) (noting that the purpose of the FDCPA is "to eliminate abusive debt collection practices"). The FDCPA is "remedial in nature, [so] its terms must be construed in [a] liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (citations omitted) (quoting *N.C. Freed Co. v. Bd. of Governors of Fed. Rsrv. Sys.*, 473 F.2d 1210, 1214 (2d Cir. 1973)). In order to state a valid claim under the FDCPA,

> (1) the plaintiff must be a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, . . . (2) the defendant collecting the debt [must be] considered a "debt collector," and (3) the defendant [must] ha[ve] engaged in [an] act or omission in violation of FDCPA requirements.

*Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013) (citation omitted). Section 1692e of the FDCPA prohibits a debt collector from making a "false, deceptive, or misleading representation" in the collection of a debt. 15 U.S.C. § 1692e. Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

This Circuit has held that a foreclosure action is an "attempt to collect a debt" within the meaning of the FDCPA. *See Cohen v. Rosicki, Rosicki, & Assocs., P.C.*, 897 F.3d 75, 83 (2d Cir. 2018) (concluding that "mortgage foreclosure meets the FDCPA's broad definition of 'debt collection'"); *see also Nelkenbaum v. Caliber Home Loans, Inc.*, No. 18-CV-01848 (ILG) (SMG),

2019 WL 3464507, at *3 (E.D.N.Y. July 31, 2019) (finding that law firm Gross Polowy functioned as a "debt collector" in a mortgage foreclosure action because "a foreclosure action is an 'attempt to collect a debt' as defined by the FDCPA" (quoting *Cohen*, 897 F.3d at 82)).

### A.     Failure to State a Claim

All Defendants move to dismiss Plaintiff's FDCPA claims for failure to state a claim pursuant to Rule 12(b)(6).

#### 1.     **Defendant HSBC**

Defendant HSBC argues that Plaintiff has failed to state a valid FDCPA claim because the Complaint does not allege that HSBC is a debt collector as defined under the FDCPA, and because Plaintiff did not adequately allege any act or omission by Defendant HSBC in violation of the FDCPA. (Defendant HSBC's Letter Motion to Dismiss ("HSBC Br."), Dkt. 30, at 4–5.) The Court agrees that Plaintiff has failed to sufficiently allege that HSBC is a debt collector for purposes of the FDCPA.

The FDCPA defines a "debt collector" as "any person (1) 'who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' or (2) 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Mullery v. JTM Cap. Mgmt., LLC*, No. 18-CV-549 (LJV), 2019 WL 2135484, at *2 (W.D.N.Y. May 16, 2019) (quoting 15 U.S.C. § 1692a(6)); *see also Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004) (discussing the FDCPA's "two alternative predicates for 'debt collector' status" (citation omitted)).

Here, the Complaint only alleges as to Defendant HSBC that it violated § 1692e by "repeatedly misstat[ing] the character and amount of the debt" and by "threaten[ing] action via

7

[the Baum firm] that [] was not intended or authorized to be undertaken" (Compl., Dkt. 1, ¶¶ 80–81), and that Defendant HSBC violated § 1692f by "threaten[ing] [P]laintiff with foreclosure . . . when there was no present right to possession on [P]laintiff's property" (*id.* ¶ 82). The sole allegation even suggesting that Defendant HSBC qualifies as a debt collector is paragraph 86 of the Complaint, which asserts that all Defendants "further failed to indicate that [HSBC] was a debt collector, and not a creditor." (*Id.* ¶ 86 (citations omitted).) Even liberally construing the Complaint, this single, offhand, conclusory allegation that Defendant HSBC "was a debt collector, and not a creditor"[8] is insufficient. Neither it nor anything else in the Complaint provides factual support for the assertion that HSBC acted as a debt collector (as opposed to a creditor) with respect to the Property. *See, e.g.*, *Gold v. Shapiro, Dicaro & Barak, LLC*, No. 18-CV-6787 (PKC) (SJB), 2019 WL 4752093, at *5 (E.D.N.Y. Sept. 30, 2019) (dismissing defendant bank where plaintiff only made the conclusory allegation that the "principal purpose of each of [d]efendant's business[es] is debt collection" (record citation omitted)).

Accordingly, the Court finds that Plaintiff has not stated a plausible FDCPA claim against Defendant HSBC, and that claim is dismissed as to Defendant HSBC.

### 2. Defendants Polowy and Pitnell

Defendants Polowy and Pitnell argue that Plaintiff fails to state an FDCPA claim against them because he alleges only that they "represented [Defendant] HSBC i[n] defense of a frivolous action," but not that they used any false, deceptive, or misleading representation or other means in the collection of Plaintiff's debt. (Defendants Gross Polowy, LLC and Anthony L. Pitnell's

---

[8] By contrast, Plaintiff alleges that Defendants Polowy, Pitnell, and Bechakas "were and are debt collectors within the meaning of 15 U.S.C. § 1692a(6), as they regularly collect or attempt to collect debts owed or due another." (Compl., Dkt. 1, ¶ 9; *see also id.* ¶ 73.)

8

Motion to Dismiss ("Polowy Pitnell Br."), Dkt. 29, at 2 (citing Compl., Dkt.1, ¶¶ 84, 86).)[9] The Court agrees.

Indeed, Plaintiff's only allegations as to these Defendants' conduct state that Polowy and Pitnell violated the FDCPA because they "represented [Defendant HSBC] i[n] the defense of a frivolous action" (*id.* ¶ 84), and that they "further failed to indicate that [HSBC] was a debt collector, and not a creditor" (*id.* ¶ 86). Nowhere in the Complaint does Plaintiff identify any false, deceptive, or misleading representation that Defendants Polowy and Pitnell made in connection with the collection of Plaintiff's debt, or allege how or when such representations were made.[10] And the mere suggestion that these Defendants must have made false statements because the action in which they were representing Defendant HSBC was "frivolous"—itself a conclusory statement—is plainly insufficient to state a claim under the FDCPA.

The Court therefore finds that Plaintiff has failed to state plausible FDCPA claims against Defendants Polowy and Pitnell, and these claims are dismissed.

### 3. Defendant Bechakas

Defendant Bechakas argues that Plaintiff has not adequately alleged conduct of hers that violated the FDCPA. (Defendant Bechakas's Letter Motion to Dismiss ("Bechakas Br."), Dkt. 31, at 3.) The Court again agrees. Plaintiff's only allegation as to Defendant Bechakas's conduct with respect to the FDCPA is that all Defendants "violated the FDCPA" and "further failed to indicate

---

[9] These Defendants do not contest their status as debt collectors under the FDCPA.

[10] Plaintiff states in his opposition letter, and not in his Complaint, that "[Polowy and Pitnell] knew that Fake documents were submitted to the State Court Judge in order to get standing, but failed to look into their legal basis when they took over the case [in 2011]," and that he "is suing the defendants for damages based upon the defendants' nefarious conduct in the foreclosure action." (Plaintiff's Opposition Letter ("Pl.'s Opp'n"), Dkt. 28, at 5.) As discussed *infra*, even if the Court exercised its discretion to consider these non-Complaint accusations, and even if they were sufficient to state a claim under the FDCPA, Plaintiff's claim would be time-barred.

that [Defendant HSBC] was a debt collector, and not a creditor." (Compl., Dkt.1, ¶ 86.) These conclusory allegations are insufficient to state a plausible FDCPA claim against Defendant Bechakas, and that claim is dismissed.

### B. Collateral Estoppel

Defendants HSBC and Bechakas also argue that Plaintiff's FDCPA claims are barred by the doctrine of collateral estoppel, because the state court made a final determination on the issues addressed by Plaintiff's FDCPA claims when it entered a final judgment directing the foreclosure and sale of his Property and Plaintiff continued to litigate the matter. (HSBC Br., Dkt. 30, at 2–4; Bechakas Br., Dkt. 31, at 5.) Even assuming, *arguendo*, that Plaintiff has stated plausible FDCPA claims, the Court agrees that dismissal is also warranted on this basis.

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002); *accord. Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007) (citation omitted). Collateral estoppel operates where

> (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

*Bear, Stearns & Co., Inc. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) (internal quotations and citation omitted). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues[,] . . . whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issues." *Constantine v. Tchrs. College*, 448 F. App'x 92, 93–94 (2d Cir. 2011) (summary order) (quoting *Evans v. Ottimo*, 469 F.3d 278, 281–82 (2d Cir. 2006)).

10

Here, the state court considered and decided the same issues that Plaintiff now raises in his FDCPA claims against Defendant HSBC, namely, that HSBC "seeks to steal [P]laintiff's property with [f]ake documents" (Compl., Dkt. 1, ¶ 6), "had no valid interest in [Plaintiff's] chain of title" (*id.* ¶ 78), and "had no interest in the security instrument" (*id.* ¶ 79). The state court judgment of foreclosure confirmed the amount due to HSBC under the note and mortgage (Dkt. 21, at ECF 137); awarded that sum to HSBC in addition to costs, fees, disbursements, and interest (*id.* at ECF 139–40); and ordered that the Property be sold at public auction with the proceeds used to satisfy and discharge the mortgage debt (*id.* at ECF 138). In doing so, the state court found that Defendant HSBC was entitled to a judgment of foreclosure on the Property. Plaintiff both moved to vacate the judgment of foreclosure, which motion was denied (*id.* at ECF 152–54), and then failed to oppose Defendant HSBC's motion for default judgment and order of reference, as well as HSBC's motion for judgment of foreclosure (*id.* at ECF 152).

Defendant HSBC has shown that all of the requisite conditions for the application of collateral estoppel exist, *see Bear, Stearns & Co.*, 409 F.3d at 91, and Plaintiff has failed to demonstrate "the absence of a full and fair opportunity to litigate the issues," *Constantine*, 448 F. App'x at 93–94. Indeed, the record shows that Plaintiff had ample opportunity to litigate the same issues presented here. The Court therefore finds that collateral estoppel bars Plaintiff from relitigating these issues—now restyled as FDCPA claims—in federal court. *See Romaka v. H&R Block Mortg. Corp.*, No. 17-CV-7411 (JS) (ARL), 2018 WL 4783979, at *6 (E.D.N.Y. Sept. 30, 2018) (finding that "collateral estoppel precludes [p]laintiff from re-litigating [a] rescission's validity, whether characterized as a claim under [the Truth in Lending Act] or the FDCPA, or as a wrongful foreclosure claim" (citation omitted)); *Rutty v. Esagoff*, No. 17-CV-1485, 2017 WL 2178432, at *2 (E.D.N.Y. May 17, 2017) (finding that, "[b]y virtue of the doctrine of collateral

11

estoppel, plaintiff is precluded from claiming that the foreclosure was improper . . . and the myriad other factual issues" adjudicated in his foreclosure proceeding in connection with FDCPA and state law claims); *Best v. Bank of Am., N.A.*, No. 14-CV-6546 (JG) (LB), 2015 WL 5124463, at *4 (Sept. 1, 2015) (finding that "the test for collateral estoppel [was] met" where plaintiff "had a full and fair opportunity to litigate [his claims] in the foreclosure proceedings").

Accordingly, even assuming that Plaintiff stated plausible FDCPA claims against Defendant HSBC, these claims warrant dismissal under the doctrine of collateral estoppel.

### C. Time-Bar Under the FDCPA

All Defendants also move to dismiss Plantiff's FDCPA claims as time-barred. (Polowy Pitnell Br., Dkt. 29, at 2–3; HSBC Br., Dkt. 30, at 4; Bechakas Br., Dkt. 31, at 2–3.) Even assuming, *arguendo*, that Plaintiff stated valid FDCPA claims against any Defendants, and that such claims were not barred by collateral estoppel, the Court agrees that Plaintiff's FDCPA claims would be time-barred.

Claims brought under the FDCPA are subject to a one-year statute of limitations. *See* 15 U.S.C. 1692k(d); *Benzemann v. Citibank N.A.*, 806 F.3d 98, 100–01 (2d Cir. 2015). "In the case of multiple allegations of FDCPA violations, some occurring before and others occurring after the statute of limitations has expired, a court must determine if the non-time-barred allegations are new and independent FDCPA violations." *Scott v. Greenberg*, No. 15-CV-05527 (MKB), 2017 WL 1214441, at *5 (E.D.N.Y. Mar. 31, 2017); *see also Oliver v. U.S. Bancorp*, No. 14-CV-8948 (PKC), 2015 WL 4111908, at *2 (S.D.N.Y. July 8, 2015) (finding that untimely FDCPA claim made in the complaint and based on false representations in a foreclosure action was not revived by subsequent identical false representations in a state court filing).

12

With respect to Defendant Bechakas, Plaintiff's Complaint alleges that Bechakas improperly executed an assignment in April 2009, and that, as a general matter, she "routinely and improperly signed mortgage assignments claiming to be officers of MERS"—a practice barred by the October 2011 settlement agreement with the U.S. Attorney's Office in the Southern District of New York and by a separate March 2012 settlement agreement with the New York State Attorney General's Office. (Compl., Dkt. 1, ¶¶ 16, 58–59.) As even the most recent event alleged took place more than eight years ago, any FDCPA claims against Defendant Bechakas are time-barred.

With respect to the other Defendants, Plaintiff alleges that Defendant Polowy assumed representation of Defendant HSBC on December 27, 2011 and filed motions on Defendant HSBC's behalf on June 6, 2014 and April 10, 2017. (*Id.* ¶¶ 60–62.) These dates, too, fall outside the FDCPA's one-year statute-of-limitations period, as Plaintiff's Complaint was filed on July 26, 2019. (*See generally id.*) However, Plaintiff alleges that, after he filed "a motion to vacate the order of reference, summary judgment, judgment of foreclosure & sale for fraud upon the Court" in the State Court Action on October 29, 2018, Defendant Pitnell filed an affirmation in opposition on November 15, 2018. (*Id.* ¶ 63; Compl. Ex. K, Dkt. 1, at ECF 114–21.) Plaintiff maintains that, as a result of this filing in state court, the instant action falls within the FDCPA's one-year statute of limitations. (*See* Pl.'s Opp'n, Dkt. 28, at 1 ("Plaintiff's FDCPA claim is not time barred because [P]laintif initiated legal action against [Defendants] within one year of the last motion/opposition/reply filed by [Defendant HSBC] and its attorneys.").)

The Court disagrees. Plaintiff cannot "argue that [Defendants] committed a new violation of the FDCPA each and every time they filed a document or made a statement in the foreclosure action concerning [Defendant HSBC's] authority . . . to proceed with the action." *DeJesus v. BAC Home Loans Servicing, LP*, No. 13-CV-2864 (KAM) (VVP), 2014 WL 4804999, at *4 (E.D.N.Y.

13

Sept. 26, 2014) (record citations omitted). Thus, Plaintiff's FDCPA claims against Defendant Pitnell—as well as the other Defendants implicated by Pitnell's filing of the November 15, 2018 affirmation—are time-barred and accordingly dismissed.[11]

## II. Leave to Amend

While the Court would typically allow a *pro se* plaintiff to amend his complaint at least once prior to dismissal, "[l]eave to amend may properly be denied if the amendment would be futile." *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (internal quotation, alterations, and citation omitted). Here, the Court finds that amendment would be futile given the nature of Plaintiff's FDCPA claims.

## III. Supplemental Jurisdiction over State Law Claims

Plaintiff also brings a claim under New York Judiciary Law § 487(1) against Defendants Pitnell and Bechakas (Compl., Dkt. 1, ¶¶ 87–97), and a claim of professional negligence under New York Penal Law § 115.05 against Defendants Polowy, Pitnell, and Bechakas (*id.* ¶¶ 98–110). Because the Court has dismissed Plaintiff's only federal claims under the FDCPA, it declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already

---

[11] The Court also finds that equitable tolling is not warranted. "The Second Circuit has not directly addressed whether FDCPA claims can be equitably tolled, but district courts have applied the equitable tolling doctrine in FDCPA cases." *Scott*, 2017 WL 1214441, at *7. "To qualify for equitable tolling, a plaintiff must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [the] way' of [] bringing a lawsuit. A plaintiff who has been induced by fraud, misrepresentations or deception to refrain from filing a timely action may invoke the doctrine of equitable tolling." *Id.* (alterations in original) (internal quotations and citations omitted). Here, Plaintiff has made no argument that the Court should equitably toll his FDCPA claims and maintains only that his claims are not time-barred because Defendants' "last motion/opposition/reply" was filed within one year of his Complaint. (Pl.'s Opp'n, Dkt. 28, at 1.) Even if the Court were to *sua sponte* consider whether equitable tolling should apply, it would not find it appropriate to do so, since neither requirement is met here.

found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction." (citation omitted)); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 173 n.14 (E.D.N.Y. 2010) (declining to "retain jurisdiction over any remaining state law claims plaintiff is attempting to assert given the absence of any federal claims that survive[]" after dismissing plaintiff's federal claims). Therefore, the Court dismisses Plaintiff's state law claims without prejudice and with leave to renew in state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction. The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 26, 2020
      Brooklyn, New York